**FILED**

SEP 2 8 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHRISTINE A. JUBIC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   Civil Action No.   09 1842 |
| | : |
| UNITED STATES OF AMERICA, *et al.*, | : |
| | : |
| Defendants. | : |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis*, her *pro se* complaint, and her motion for a preliminary injunction and a temporary restraining order. For the reasons stated below, the Court will grant the application, deny her motion for injunctive relief, and dismiss the complaint.

Plaintiff, who resides in Johnsonville, New York, brings this action to challenge "the decision and actions of the [Bureau of Land Management] to 'zero-out' (permanently remove) eleven (11) wild horse herds in the Ely District (Lincoln and Nye Counties) Nevada, and to divest them of their statutorily protected rangelands." Compl. ¶ 2. She states that "her love affair with the Ely District Hers began in the early 1980's when she was a resident of the state of Nevada, residing at various times in Nye, Lincoln and Clark Counties." *Id.* ¶ 4. Although plaintiff "currently resides outside of the State of Nevada . . ., she is planning on revisiting them sometime again in the future 'before she dies.'" *Id.*

1

Generally, plaintiff alleges that the Bureau of Land Management has violated the Wild Free-Roaming Horses and Burros Act, the National Environmental Policy Act, the Federal Land Policy Management Act, the Administrative Procedure Act, and the Due Process Clause of the Fourteenth Amendment, in approving a plan to remove wild horse herds from certain lands in Nevada. She demands a declaratory judgment and injunctive relief "demanding a stop to the removals pending the outcome of this case and prohibiting disposal by any means of any of the wild horses already removed." Compl. at 30.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir.) (quoting U.S. CONST. art. III, § 2), *cert. denied*, __ U.S. __, 129 S.Ct. 1918 (2008). A party has standing for purposes of Article III if her claims "spring from an 'injury in fact' – an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. at 573-74.

Here, plaintiff cannot show that her injuries "spring from an injury in fact. She does not allege a property interest in either the horses or the lands on which the herds have roamed, or the

2

existence of any other interest in or harm she stands to suffer if the Bureau of Land

Management's plan takes effect.  The Court concludes, then, that plaintiff does not have standing

to bring this action.  Her complaint will be dismissed, and her motion for injunctive relief will be

denied as moot.

      An Order consistent with this Memorandum Opinion will be issued separately on this

same date.

                                 _____
                                 United States District Judge

DATE: